Thank you, Your Honor. May it please the Court. My name is Joel Huerta and I represent Mr. Marcial Avila-Anguiano. Your Honor, the one issue in this case is simply a legal question as to what the statutory minimum was as to Count 3 under 18 U.S.C. Section 924C. Now, at the time of the offense, the minimum was not less than 10 years based on the firearm that was used. I don't understand why this isn't open and shut because of Title I, Section 109 on how repeal of a statute affects existing liabilities. He had the existing liability when he committed the crime, subsequently didn't, and the statute says he keeps his old penalty unless the new statute says different. Well, Your Honor, I think under Marero and looking at 1 U.S.C. Section 109, that's a standard savings clause. It applies in criminal and civil cases. It's meant to make sure that, let's say, 924C was moved to 924B in the meantime and suddenly you go and say, well, there's no punishment now. However, I think under the guidelines, the guidelines allow for lesser time even when you committed the offense, you were looking at greater time. Now, the guidelines are obviously advisory, but 2K2.4B, which applies here, has a cross-reference to 924C. And under 1B1.11 of the guidelines, you're supposed to apply the guidelines on the date of sentencing. I know the U.S.B. Klump case was given to the court by the government, and I looked through the briefs in that case. The attorney in that case, neither the government attorney nor Mr. Klump's attorney, looked through the guidelines. And I think that's the argument that was basically, well, by the time of sentencing, it was lower, so give them a lower time. That argument amounts to an argument that the guidelines should come to statute, namely Section 109 that Judge Kleinfeld referred to, right? Isn't that what it amounts to? Your Honor, I don't believe so because I think a savings clause is used exactly as the term is used, to save something. And in this case, there's no need to save it. If let's say that there was a different guideline involved, and at the time it was, you know, the guideline called for 51 to 63 months, but by the time of sentencing, it had been lowered to, say, 46 to 57 months, you wouldn't use 1U.S.C. 109 to overrule the guideline because if you did that, then 1B1.11 in the guidelines means nothing because you should always apply the law, the statutes, and the advisory guidelines as to the time of the offense. But clearly the guidelines don't say that. They clearly say you apply them at the time of sentencing. And I think I put it in my reply brief. You apply the guidelines in effect at the time of sentencing, but you apply the penalty statute in effect at the time of the crime, as I understand it. Isn't that right? Your Honor. So if there's a mandatory minimum by statute at the time of the crime, that's it. It doesn't matter what happens subsequently to the guidelines. What am I missing here? Well, Your Honor, because there's a cross-reference. The cross-reference in 2K2.4B states that you are to the sentence, the advisory guideline sentence, is to be that which is found in 924C. And I guess my argument is that when you do that, it's referring to 924C as it exists at the time of sentencing, not as to the time when the offense was committed. Because it doesn't say as to the time the offense was committed. It simply says look to 924C to see what the, I guess when they wrote it, it was probably. But don't the guidelines also have a section that say when the mandatory minimum is higher than the guideline, apply the statutory mandatory minimum? Your Honor, that is correct. If the guidelines were a different number. So if the guidelines say 12 to 18 months, but it's a five-year mandatory minimum, you're right. You would apply five years. But here, the guidelines say the sentence to be given for this count, for a 924C count, is the mandatory minimum at the time. Now, that's advisory because the statute itself is not, it has a floor but not a ceiling. It's not actually stipulated 10 or stipulated 5. It's not less than 10 or not less than 5. But the guidelines just said this is what you should apply in applying the guidelines. Make it that exact number. Now, that again is advisory so the court can give more than that. But I think if you read 1 U.S.C. 109 the way the government wants it read, then Section 1B.111 of the guidelines ends up making no sense because you should never apply the law at the time of sentencing to figure out the punishment. Instead, you should always apply what the guidelines were at the time of the offense, at the time the offense was committed because that's what 1 U.S.C. 109 says. Otherwise, the person gets a benefit. Congress looked at it. Section 1B.111 says that defendants get the benefit of those changes. Now, that was mostly talking, you know, that was, you know, the only time that doesn't happen is if there's an ex post facto problem. And that is also included in the guidelines. So, you know, I guess those are the reasons that I think the lower sentence should be the starting point. And, again, it's not a set sentence. And I misspoke or I guess I miswrote in my reply brief that I'm arguing for five years as opposed to ten years. In reality, I'm arguing that the court's starting point is not less than ten, but instead not less than five years because it is not a set sentence under 924C. I'm sorry, your voice went down and I didn't hear some words. I guess I misspoke in my reply brief when I said I'm asking for the court to give a five-year sentence as opposed to a ten-year sentence for count three. What I meant to say and what's in the statute is the starting point for the court should be not less than five years as opposed to not less than ten years. The district court can obviously go higher. And I'll reserve the rest of my time. Thank you, counsel. Counsel? Good morning. Joan Ruffin, occupying on behalf of the United States District of Arizona. The district court in this case was required to impose a ten-year sentence on the defendant because the statute, in effect, when he committed the offense, called for a minimum ten-year sentence. And the semi-automatic assault weapons ban expired on September 13, 2004, after the defendant committed the offense but before he was sentenced. And that ban did not expressly extinguish the penalty as to the 2004 offense. Therefore, the defendant is held liable under the 2004 version of Section 924C. The guidelines do not change that analysis, and the reason being that the guidelines, although they say apply the guidelines in effect at the time of sentencing, what 2K2.4 says is that the sentence for a 924C violation is the minimum term of imprisonment required by statute. Applying 1 U.S.C. Section 109, the minimum required by statute is ten years. And so to the extent the defendant did not waive this argument by not raising it in the first appeal of this case, the district court applied the correct sentence. It's a simple argument, isn't it? It is. On your part. If you go with Klump. If you go with Klump, but I'd also submit that Garcia also strongly supports the government's position that's cited in the government's brief as well as Van Horn, because what they say is just because the penalty, even though there is a harsher penalty that gets ameliorated after expiration of the initial statute, that you still apply the initial one under the savings clause. If the Court has no other questions. Thank you, counsel. Counsel, I think you saved a short time if you need it. Yes, sir. And just briefly, and again, I understand Klump and in looking at all the other case law, that is the only case on point. Again, my issue is not with the way the statute is written so much as the application of the guidelines. And again, I think what you see is you can have an issue with this because if you think about it, when the guidelines were written, instead of putting in cross-reference to 924C, you could have something where instead they bring the language over from 924C and put it in the guidelines. And in that case, clearly, you would have, you would say that in this case, it would be a not more than five-year sentence because in the guidelines it would say, you know, tracking the language of 924C as of 2006, not more than five years, not less than five years for this offense. So I think the fact that it's a cross-reference that's supposed to have the language in there shouldn't make a difference, and I think that's the problem. Again, Klump didn't look at the guideline issue, and I think that's the only thing I have, obviously, because Klump clearly, if just looking at the statute, would say it would be a ten-year, not less than ten-year sentence. Thank you, Your Honors. Thank you, Counsel. United States v. Avila. Anguiano is submitted.
judges: Kleinfeld, Tashima, Thomas